UNITED STATES of America, Plaintiff,

v.

Bobby ROSS, Defendant.

Nos. CV–S–95–184–PMP (LRL), CR–S–90–018–PMP (RJJ).

United States District Court, D. Nevada.

April 10, 1995.

---

**932**

Howard Zlotnick and Daniel D. Hollingsworth, Asst. U.S. Attys., Las Vegas, NV, for plaintiff.

Bobby Ross, Lompoc, CA, in pro. per.

### ORDER

PRO, District Judge.

## I. Background

On January 25, 1990, a federal grand jury returned a two-count Indictment in *United States v. Bobby Ross*, CR–S–90–018–PMP (RJJ), charging the Defendant Bobby Ross ("Ross") and co-defendant Enoch Matthews with conspiracy (Count I), possession with intent to distribute and distribution of a controlled substance (Count II).

On March 14, 1990, a Complaint for Forfeiture in Rem was filed in the matter of *United States of America v. 1988 Mercedes Benz Coupe 300CE, VIN WDBEA5OD4JA657168,* CV–S–90–178–PMP (LRL). Ross received notice inviting him to make a claim in the civil forfeiture proceeding, but he did not do so. Because no person filed a claim for this vehicle, the Court entered a default judgment in that case on June 7, 1990. *See* Defendant's Exhibit C.

After the Court entered the default judgment in CV–S–90–178–PMP (LRL), Ross pleaded guilty to Count I of the Indictment, and the Court dismissed Count II. The Court sentenced Ross in CR–S–90–018–PMP (LRL) to a term of sixty (60) months in the custody of the Attorney General. Presently before the Court is Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C.

§ 2255 (# 99), filed February 23, 1995. Ross seeks to vacate his conviction on the grounds that it violated the Double Jeopardy Clause. The United States of America (the "Government") filed a Response (# 102) on March 29, 1995.

## II. Discussion

 Ross asserts that his conviction following the forfeiture of the car violated the Double Jeopardy Clause. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Under *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), forfeiture and civil fines can constitute penalties for crime when those sanctions are designed even in part to deter or punish, regardless of whether it has a remedial purpose. *Austin v. United States,* —— U.S. ——, ——–——, 113 S.Ct. 2801, 2806–2812, 125 L.Ed.2d 488 (1993); *Halper,* 490 U.S. at 448, 109 S.Ct. at 1901. Furthermore, a financial exaction can count as a separate jeopardy. *Montana Department of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

In the case of *United States v. Torres,* the Seventh Circuit, confronted with a similar situation, determined that the subsequent conviction of a defendant following a forfeiture, while in some circumstances may implicate the Double Jeopardy Clause, was not barred by the operation of that clause. *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). In that case, the defendant received a notice of the civil forfeiture proceedings of $60,000 in currency. However, the defendant never filed a claim. As a result, the $60,000 was forfeited without opposition, and jeopardy therefore did not attach to that proceeding. *Id.* The subsequent conviction of the defendant did not constitute "double jeopardy" if no former jeopardy existed. *Id.* (citing *Ser-*

*fass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975)).

The Court finds the reasoning of *Torres* applicable to the instant matter.[1] While there is no Ninth Circuit authority directly on point, the Court joins other district courts within this Circuit approving the reasoning of the *Torres* decision. *See United States v. Walsh,* 873 F.Supp. 334, 336–37 (D.Ariz. 1994); *United States v. Kemmish,* 869 F.Supp. 803, 805 (S.D.Cal.1994); *United States v. Nakamoto,* 876 F.Supp. 235, 236–37 (D.Haw.1995).

In this case, Ross never made a claim in the forfeiture proceedings of the car, and the car was forfeited without opposition. In fact, since Ross never made a claim, there is no reason to believe that he ever had a claim to the car. *See Torres,* 28 F.3d at 1465. Without an interest in the forfeited property, Ross was not at risk in the forfeiture proceeding, nor was he punished in any way by the administrative forfeiture. *Id.* Accordingly, the Double Jeopardy Clause did not prohibit Ross' prosecution. *Torres,* 28 F.3d at 1465–66. The Court will therefore deny Ross' Motion.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (# 99) is DENIED, and this case No. CV–S–95–184–PMP (LRL) is hereby dismissed.

---

**1.** While not specifically referencing the case of *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), Ross' Motion closely parallels the reasoning of that decision. However, a petition for rehearing en banc is pending in that matter and the mandate has not spread. The Ninth Circuit has stated that "[u]ntil a mandate is issued, a case is not closed." *United States v. Foumai,* 910 F.2d 617, 620 (9th Cir. 1990) (quoting *United States v. Ross,* 654 F.2d 612, 616 (9th Cir.1981), *cert. denied,* 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982)). A defendant is not entitled to rely on the holding in *$405,089.23* until final mandate is issued. *United States v. Ruiz,* 935 F.2d 1033, 1036–37 (9th Cir. 1991).

Furthermore, the Defendants in *$405,089.23* had filed claims to that currency. *$405,089.23,* 33 F.3d at 1214. After conviction of the underlying charges, the district court entered judgment in favor of the Government. *Id.* The Ninth Circuit reasoned that jeopardy attached to the criminal prosecution, so the subsequent forfeiture was invalid. *Id.* at 1222. In this case, however, jeopardy never attached to the previous forfeiture, so Ross' conviction did not violate the Double Jeopardy Clause. Were the decision in *$405,089.23* settled Circuit law, *see Ruiz,* 935 F.2d at 1036–37, the Court would find the reasoning of that case inapplicable to the instant one. *See Torres,* 28 F.3d at 1465–66.