**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John WASHINGTON, Defendant–**
**Appellant.**

No. 95–50076.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 1995.*

Decided Nov. 8, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

**402**

David M. Dudley and Philip Cohen, Los Angeles, California, for defendant-appellant.

David R. Fields, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: NELSON and KLEINFELD, Circuit Judges, and WILKEN,** District Judge.

** The Honorable Claudia Wilken, United States District Judge for the Northern District of Cali-

WILKEN, District Judge:

John Washington interlocutorily appeals the district court's denial of a motion to dismiss his criminal indictment on the basis of double jeopardy. Washington is charged with one count of conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. § 846, six counts of possession and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of use of a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). Washington contends these charges should be dismissed because he has already been subjected to punishment for the same offenses through a civil forfeiture action.

## BACKGROUND

On July 1, 1991, federal agents arrested Washington following an undercover narcotics sting operation. At the time of Washington's arrest, the agents seized approximately $1,150 from his person (Washington claims the agents actually seized over $1,500). The Government states, and Washington does not contest, that the agents seized the money pursuant to 21 U.S.C. § 881(a)(6), the forfeiture statute directed at proceeds of illegal narcotics transactions. The Government subsequently sent Washington a notice of forfeiture. On the advice of counsel, Washington decided sometime prior to the end of 1991 not to file a claim stating his interest in the seized money. While the record is not clear on the final disposition of the money, the parties agree that it was forfeited to the Government prior to the end of 1991.

On July 16, 1991, the Government filed a first superseding indictment against Washington bringing the instant criminal charges. Washington moved to dismiss the indictment on double jeopardy grounds. During a hearing held on January 17, 1995, the district court denied the motion, but certified the ruling for interlocutory appeal. On February 14, 1995, the district court denied Washington's motion for reconsideration. Wash-

fornia, sitting by designation.

ington filed a timely notice of appeal on February 24, 1995.

## DISCUSSION

### I. *Jurisdiction*

The Government argues in its motion to dismiss that this Court lacks jurisdiction over this interlocutory appeal because Washington has not been subjected to multiple criminal prosecutions and because he has not yet been subjected to multiple punishments. The Government's basic premise is that exposure to multiple punishments cannot be interlocutorily appealed because the multiple punishments prong of the Double Jeopardy Clause is not violated until the subsequent punishment is actually imposed.

As the Government concedes in its brief on the merits of the appeal, we have considered and rejected this position in the recent decision in *United States v. Chick*, 61 F.3d 682, 684–86 (9th Cir.1995). As we noted in *Chick*, if a defendant who has once been punished is subsequently tried and convicted, and punishment is imposed, then the constitutional right not to be doubly punished is lost, even if vindicated on appeal. The only way to avoid this result is to allow an appeal before trial. *Id.* at 685.

■ Accordingly, pursuant to *Chick* and 28 U.S.C. § 1291, we have jurisdiction to hear Washington's interlocutory appeal of the pretrial order denying his motion to dismiss the indictment on double jeopardy grounds.[1]

### II. *Merits*

■ A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed *de novo*. *United States v. Goland*, 897 F.2d 405, 408 (9th Cir.1990). Criminal and civil forfeiture proceedings based on the same facts may subject a defendant to double jeopardy. *See United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *amended, reh'g denied, and suggestion for reh'g en banc rejected*, 56 F.3d 41, 42 (9th Cir.1995). Jeopardy does not

attach however, whenever the Government seizes property. *See, e.g., United States v. Wong*, 62 F.3d 1212, 1214 (9th Cir.1995) (administrative steps taken prior to the formal institution of civil forfeiture proceedings did not place defendant in jeopardy); *United States v. Cretacci*, 62 F.3d 307, 310–11 (9th Cir.1995) (forfeiture of unclaimed property pursuant to 18 U.S.C. § 981(a)(1)(A) did not place defendant in jeopardy).

In the recent decision in *Cretacci*, we concluded that an owner who receives notice of an intended forfeiture and fails to claim an ownership interest in the property has effectively abandoned that interest. 62 F.3d at 310. Because abandonment constitutes a relinquishment of all rights in the property, we held in *Cretacci* that the taking of such property imposes no "punishment" on the former owner and thus does not place him or her in jeopardy. *Id.* at 310–11.

■ The forfeiture statute at issue in *Cretacci* was 18 U.S.C. § 981(a)(1)(A), the statute directed at property involved in a transaction to launder money. *Id.* at 309. Here, the Government seized the money found on Washington's person pursuant to 21 U.S.C. § 881(a)(6), the forfeiture statute directed at proceeds of illegal narcotics transactions. The administrative forfeiture procedures set forth in the customs laws (19 U.S.C. §§ 1602–1618), however, apply to both of these types of forfeiture. *See* 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d). Because the conclusion in *Cretacci* that failure to make a claim to property amounts to abandonment is based on these procedures, its holding applies with equal force here.

■ Washington failed to contest the propriety of the seizure judicially by filing a claim of ownership and posting a bond, or administratively by filing a petition for remission or mitigation. *See* 19 U.S.C. § 1608 and 21 C.F.R. § 1316.76 (judicial relief); 19 U.S.C. § 1618 and 21 C.F.R. § 1316.79 (administrative relief); *see generally,* 1 David B. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 6.02[3] at 6–12.1–6–13. Under

---

1. Unlike *Chick*, this case involves a Defendant who did not contest the forfeiture. It is unnecessary to determine if this would distinguish *Chick*

because, as is discussed in the remainder of this opinion, future appeals in this situation will be frivolous and will not justify interlocutory review.

*Cretacci,* the Government's forfeiture of the monies found on Washington's person therefore imposed no punishment on him and he thus was never placed in jeopardy. Accordingly, we reject Washington's claim that his subsequent criminal prosecution constitutes double jeopardy.

■ Washington argues that his failure to file a claim should not be considered an abandonment because the fact that the seized money was taken from his person makes clear his interest in it. Even if Washington's physical possession of the money did support his interest in it at the time of the seizure, however, it does not demonstrate that Washington wished to pursue that interest once the Government notified him that it was seeking forfeiture of the money. Washington's own statements indicate that he did not have such an interest. In his declaration in support of the motion to dismiss the indictment, he states that he chose not to file a claim after his counsel advised him that the filing of a claim might incriminate him in his pending criminal case and would cost more in attorneys' fees and out-of-pocket expenses than he could recover in a forfeiture action. It thus appears that having weighed the worth of his claim against the risks that might be involved in pursuing it, Washington decided to abandon the seized money.[2] His case thus falls squarely under *Cretacci.*

■ Washington relies on *United States v. Martinson,* 809 F.2d 1364 (9th Cir.1987), to support his view that this Court should infer a continued interest on his part in the seized money despite his failure to file a claim. This reliance is misplaced. *Martinson* explains that the Government bears the burden of proof on a motion for return of property when the property is no longer needed for evidentiary purposes because the person from whom the property has been seized is presumed to have a right to its return. *Id.* at 1369. This presumption, however, does not exist in the case of an uncontested civil forfeiture because there is no weighing of evidence when a seizure is uncontested.

Relying on *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), Washington also argues that *Cretacci* should not be applied retroactively to this case because it creates two new rules of criminal procedure. Washington asserts that these two new rules are (1) that a defendant's failure to file a claim for recovery of seized property estops him from later claiming that he was punished by the seizure, and (2) that a claim of ownership in a civil forfeiture proceeding cannot be used against the claimant in a subsequent criminal proceeding.

■ Washington's reliance on *Teague* is misplaced. The Supreme Court's ruling in *Teague* precludes application of a new rule of constitutional law on collateral review. The present case, however, does not involve a federal habeas petition, but rather interlocutory review of the denial of a motion to dismiss in a pending criminal case. Newly declared constitutional rules are to be applied to criminal cases pending on direct review. *Griffith v. Kentucky,* 479 U.S. 314, 322, 107 S.Ct. 708, 712–13, 93 L.Ed.2d 649 (1987).

Washington nevertheless argues that applying *Cretacci* in this case will prejudice him because *Cretacci* had not yet been handed down when he was deciding whether to file a claim in the forfeiture proceeding. While it may be true that Washington did not foresee the result in *Cretacci,* he is in no worse position than the defendant in that case. As the Supreme Court noted in *Griffith,* such similarly situated defendants must be treated alike: selective application of a new rule would be inequitable. 479 U.S. at 323, 107 S.Ct. at 713 (citing *Desist v. United States,* 394 U.S. 244, 258–59, 89 S.Ct. 1030, 1038–39, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting)).

AFFIRMED.

---

**2.** Washington and his counsel may have been overly cautious with regard to the danger of self-incrimination. The *Cretacci* majority observed that a defendant's claim of ownership of property that was subject to forfeiture may not later be used to prove the defendant's guilt. 62 F.3d at 311; *but see id.* (Klienfield, J. concurring) (declining to reach that issue).