**UNITED STATES of America, Plaintiff,**

v.

**Sergio LOPEZ, Defendant.**

**Nos. CR–S–91–20–HDM, CV–S–95–651–HDM(RJJ).**

United States District Court, D. Nevada.

Jan. 11, 1996.

Civil forfeiture of defendant's pickup truck did not bar subsequent prosecution for

Thomas M. O'Connell, Asst. U.S. Atty. (at trial), Las Vegas, NV, for plaintiff.

Norman J. Reed, Las Vegas, NV, for defendant.

## ORDER

McKIBBEN, District Judge.

Lopez currently is serving a 188 month sentence imposed by this court in January 1992, following a September 1991 jury trial and conviction on four counts related to drug trafficking. Lopez now seeks to have his sentence and conviction vacated or set aside, pursuant to 28 U.S.C. § 2255, on double jeopardy grounds. He argues that the adminis-

trative forfeiture of his Ford pickup truck in June 1991 constituted punishment for which jeopardy attached, thereby making his criminal conviction a second punishment for the same offense, which is impermissible under the Double Jeopardy Clause.

## BACKGROUND

Lopez was arrested on January 19, 1991, while delivering two kilograms of cocaine to a government informant. At that time, his 1987 Ford pickup (VIN 1FTBR10T7HUC93740)[1] was seized by the FBI for forfeiture pursuant to § 881 of the Controlled Substances Act (21 U.S.C.).

Thereafter, the FBI commenced the administrative forfeiture. On or about March 1, 1991, the agency personally served Lopez with a notice entitled "Notice of Seizure of a Conveyance for a Drug–Related Offense." *See* Gov't Response Brief Supp. Ex. 5 (# 140). On March 18, 1991, the government sent by certified mail to Lopez's home address (634 Rosewood, Santa Ana, California)[2] written notice of the forfeiture. *See* Gov't Response Brief (# 132) Ex. 1. The return receipt was signed "Sergio Lopez," *id.* Ex. 2, although Lopez was in custody at the time. The administrative forfeiture was advertised in the *Las Vegas Review Journal* on March 27, April 3, and April 10, 1991. *Id.* Ex. 3. On June 13, 1991, the 1987 Ford pickup truck was administratively forfeited; Lopez never filed a claim or a petition for remission or mitigation. *Id.* Ex. 4.

On September 19, 1991, a jury found Lopez guilty of Counts 1, 2, 3, and 4 of the superseding indictment. On January 6, 1992, Count 3 was dismissed, and Lopez received a sentence of 188 months imprisonment, five years supervised release, and a $150.00 special assessment.

## ANALYSIS

It is well-established that the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the

---

**1.** The court assumes without deciding that the pickup truck belonged to Lopez. The issue of ownership is not before the court.

**2.** At hearings on May 12, 1995, and December 28, 1995, Lopez acknowledged to the court that he received his mail at the Rosewood address.

same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The third prong, proscribing multiple punishments, is implicated when a criminal conviction and a civil penalty (like the administrative forfeiture in this case) are involved. *See id.* at 440, 447–449, 109 S.Ct. at 1897, 1901–02; *United States v. $405,-089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir. 1994), *amended on denial of reh'g*, 56 F.3d 41 (1995), *and petition for cert. filed*, 64 U.S.L.W. 3161 (Aug. 28, 1995) (No. 95–346). In *$405,089*, the Ninth Circuit held that civil forfeiture under 21 U.S.C. § 881(a)(6) constitutes "punishment" for the purposes of double jeopardy analysis. 33 F.3d at 1219. *Cf. Austin v. United States*, 509 U.S. 602, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993) (concluding that 21 U.S.C. §§ 881(a)(4) and (a)(7) constitute "punishment" for the purposes of Eighth Amendment analysis).

▇ Lopez argues that under *$405,089*, the civil forfeiture of the Ford pickup truck on June 13, 1991, was a punishment for which jeopardy attached. His subsequent conviction and sentencing therefore would constitute a second punishment impermissible under the Double Jeopardy Clause.

However, Lopez did not contest the administrative forfeiture of the truck. The Ninth Circuit Court of Appeals recently held that an *uncontested* administrative forfeiture constitutes an action against property, not persons, and thus "imposes no 'punishment' for purposes of [double jeopardy]." *United States v. Cretacci*, 62 F.3d 307, 310–11 (9th Cir.1995); *see also United States v. Washington*, 69 F.3d 401 (9th Cir.1995) (apply *Cretacci* to a § 881(a)(6) forfeiture). As a result, a subsequent criminal prosecution does not offend the Double Jeopardy Clause.

*Cretacci*, 62 F.3d at 309, 311; *Washington*, 69 F.3d at 403–04. The *Cretacci* decision validated a number of earlier district court cases in this circuit that had followed *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994) (Easterbrook, J.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). *See, e.g., United States v. Ross*, 890 F.Supp. 931 (D.Nev.1995); *United States v. Nakamoto*, 876 F.Supp. 235 (D.Haw.), *aff'd mem.*, 67 F.3d 310 (1995); *United States v. Kemmish*, 869 F.Supp. 803 (S.D.Cal.1994), *aff'd mem.*, 66 F.3d 336 (1995).

Lopez argues that the *Cretacci* holding is inapplicable to his case because his failure to contest the administrative forfeiture resulted from a lack of proper notice of the forfeiture. Lopez, relying on *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), contends that he did not receive constitutionally adequate notice because the government knew he was in custody at the time and therefore should have sent notice of the forfeiture to him at the county jail, or to his attorney.

The administrative forfeiture statute under which the government forfeited the Ford pickup incorporates the forfeiture procedures found in the Tariff Act of 1930 (19 U.S.C. §§ 101 *et seq.*). *See* 21 U.S.C. § 881(d). The government must publish notice of its intent to forfeit in a newspaper of general circulation once a week for at least three successive weeks, and must send "[w]ritten notice of seizure together with information on the applicable procedures.... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); *see also* 21 C.F.R. § 1316.75 (detailing publication notice requirement).[3]

▇ In addition to the statutory notice requirements, due process considerations

---

**3.** If no party files a claim asserting an interest in the property within twenty days of the first publication, the government may declare the property forfeited. *See* 19 U.S.C. § 1609. "A declaration of forfeiture under this section shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). However, if a proper claim is filed, the government must refer the proceeding "to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law." 19 U.S.C. § 1608; *see also* 21 C.F.R. § 1316.78. Thus, although § 881 provides for the administrative forfeiture of property, if a claimant appears seeking return of the property, the forfeiture must be concluded in federal district court.

must be satisfied as well. The government must provide "notice, reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Whether notice was adequate is measured at the time notice was sent. *Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10, 14 (1st Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993).

It is clear the FBI complied with the statutory notice requirements. Lopez does not dispute that the FBI fulfilled the publication requirements of § 1607(a) by running a classified ad in the *Las Vegas Review Journal* over three successive weeks. Nor does Lopez challenge the government's exhibits establishing that written notice was sent to Lopez's home address on March 18, 1991.

▮ The notice given to Lopez also was constitutionally adequate. The FBI sent the written notice to Lopez's home address via certified mail, and received a return receipt. The return receipt distinguishes this case from others in which the mailed notice come back to the federal agency marked "unclaimed" or "addressee unknown." *Compare Madewell v. Downs*, 68 F.3d 1030 (8th Cir. 1995) (finding notice adequate to satisfy due process concerns where written notice was sent to last known address, agents received return receipt, and proper publication notice was effected) *with Williams v. United States Drug Enforcement Admin.*, 51 F.3d 732 (7th Cir.1995) (describing government's conduct as "egregious" where government sent notice to claimant's home address, it was returned marked "unclaimed," and the federal agent who initiated the forfeiture knew claimant had been re-incarcerated in county jail and had several contacts with him there, but finding court could grant no relief where claimant waited over two years before seeking return of the property although he had actual notice of the forfeiture proceedings from another source), *Torres v. $36,256.80 United States Currency*, 25 F.3d 1154, 1161 (2d Cir.1994) (DEA could not reasonably assume that written notice reached the interested party when both certified letters where returned unclaimed) *and Aero–Medical, Inc. v. United States*, 23 F.3d 328 (10th Cir.1994) (finding it unreasonable for the government to ignore information in its possession and deliberately mail notice to an invalid address).

Moreover, the return receipt was signed "Sergio Lopez." The FBI, without further inquiry, could reasonably have concluded that Lopez had been released on bail, pending his trial, and personally received the notice when it arrived at his home.

At hearings on May 12 and December 28, 1995, Lopez conceded that he received his correspondence and mail at the Rosewood address. This also gives weight to the reasonableness of the conclusion that Lopez received the written notice.

In addition, on or about March 1, 1991, FBI special agents personally delivered to Lopez a "Notice of Seizure of a Conveyance for a Drug–Related Offense," which makes reference to the forfeiture process. While the document is in English, Lopez at that time had an attorney and an interpreter in his criminal proceeding and could have reviewed the document with them. At the December 28, 1995, hearing, Lopez acknowledged having received this notice.

Finally, Lopez admits that his family told him about the written notice and the forfeiture. Thus, it appears that Lopez had actual notice of the forfeiture. He cannot now raise a due process challenge. *See Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir.1976) (finding claimant had no standing to challenge forfeiture proceedings when he received actual notice sufficient to satisfy due process requirements).

Lopez argues that *Robinson v. Hanrahan* requires the court to find that because the written notice was sent to his last known address rather than directly to him in jail, the notice was not constitutionally adequate. He reads *Robinson* as holding that any notice of forfeiture proceedings sent to an interested party's home address rather than to the jail facility where he is confined violates due process standards. The Ninth Circuit has rejected such a broad reading of *Robin-*

*son* and has reiterated that the proper inquiry is whether the government's efforts were "reasonably calculated, under all the circumstances" to provide adequate notice. *United States v. One 1971 BMW 4–Door Sedan,* 652 F.2d 817, 822 (9th Cir.1981).[4] Although it would have been preferable for the FBI to have sent an additional notice of the forfeiture directly to Lopez in jail (or to his attorney), the failure to do so in this case did not violate Lopez's due process rights. The government's efforts were "reasonably calculated, under all the circumstances" to provide adequate notice of the forfeiture to Lopez.

The court finds that notice of the administrative forfeiture given by the FBI to Lopez satisfied statutory and constitutional requirements. Lopez did not contest the forfeiture, and therefore is subject to the application of the *Cretacci* holding.

As a non-party to the forfeiture proceeding, Lopez was not personally at risk, and " 'without risk of a determination of guilt, jeopardy does not attach.' " *See United States v. Torres,* 28 F.3d at 1465 (quoting *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)); *see also Halper,* 490 U.S. at 447, 109 S.Ct. at 1901 ("This constitutional protection [against multiple punishments] is intrinsically personal."); *Cretacci,* 62 F.3d at 310–311. Because no former jeopardy exists, Lopez's double jeopardy argument cannot succeed. *See, e.g., United States v. Wong,* 62 F.3d 1212, 1214 (9th Cir.1995) ("[A]n accused must suffer jeopardy before he can suffer double jeopardy.") (citing *Serfass* ); *United States v. Real Property Located at Incline Village,* 47 F.3d 1511, 1521 (9th Cir.1995) ("[O]ne's right to be free from *double* jeopardy cannot be violated by being placed only once in jeopardy."), *petition for cert. filed,* 64 U.S.L.W. 3086 (July 28, 1995) (No. 95–173); *Torres,* 28 F.3d at 1465 ("You can't have double jeopardy without a former jeopardy."); *see also Cretacci,* 62 F.3d at 310–311. Therefore, defendant Sergio Lopez's Motion to Vacate, Set

Aside, or Correct Sentence, brought pursuant to 28 U.S.C. § 2255, is denied.

It is so ORDERED.

511 (1st Cir.1995); *Torres v. $36,256.80 United States Currency,* 25 F.3d 1154, 1161 (2d Cir. 1994); *United States v. Woodall,* 12 F.3d 791 (8th Cir.1993).

---

**4.** Other circuits have indicated that when the government knows an interested party is incarcerated, it must make every effort to send the written notice to the individual's custodial address. *See United States v. Giraldo,* 45 F.3d 509,