85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Allen DOMITROVICH, Defendant-Appellant.
 No. 95-35680.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided May 15, 1996.
 
 Before: LAY,** CHOY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mark Allen Domitrovich appeals the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. On October 27, 1993, United States Drug Enforcement Administration ("DEA") agents executed a federal search warrant at 7703 Scotia Road, Newport, Washington, the residence of Domitrovich. The search revealed a large marijuana grow operation. On December 14, 1993, a superseding indictment was returned charging Domitrovich with manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1); forfeiture of the subject property, pursuant to 21 U.S.C. § 853; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and possession of anabolic steroids, in violation of 21 U.S.C. § 844(a). On February 28, 1994, Domitrovich pleaded guilty to the manufacture charge. He agreed to forfeit any interest he may have had in the Scotia Road property and not to contest the forfeiture in the pending civil proceeding. In exchange, the United States agreed to dismiss Counts 3 (possession with intent to distribute) and 4 (possession of steroids) of the Superseding Indictment. On May 12, 1994, Domitrovich was sentenced to a 60-month term of imprisonment, to be followed by a four-year term of supervised release.
 
 
 3
 On November 3, 1993, a Complaint had been filed seeking Forfeiture In Rem of the Scotia Road property. Domitrovich and his wife occupied the property at the time of the search warrant, but they did not then own the property. They previously had purchased it in November 1989 when they executed and signed a Deed of Trust Note to Calvin and Jeanette Brown. In November 1991, however, they executed to Larry Smith a Statutory Warranty Deed for the property. Domitrovich did not assert a claim in response to the Complaint. An Order of Default was entered against him on July 26, 1994.
 
 
 4
 On appeal, Domitrovich alleges a violation of his double jeopardy rights in that his plea included an agreement to forfeit certain property forfeited in a separate civil forfeiture action.
 
 
 5
 Dual punishments, including certain civil penalties, imposed in separate proceedings and for a single act, may implicate the Double Jeopardy Clause. See United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.), amended and reh'g denied, 56 F.3d 41 (1995), cert. granted, 116 S.Ct. 762 (1996); United States v. Halper, 490 U.S. 435 (1989). Domitrovich argues that the Complaint in the forfeiture action alleges the same acts as were the basis for his criminal conviction. Thus, he contends, the only issue is which punishment occurred first.
 
 
 6
 The district court rejected Domitrovich's argument on the ground that his criminal conviction and forfeiture were concluded in the same proceeding. Double jeopardy is an affirmative defense which must be asserted or waived, and a voluntary, knowing decision to accept a combination of civil and criminal penalties in a single plea agreement is lawful. Cf. Ricketts v. Adamson, 483 U.S. 1, 8-12 (1987); Ohio v. Johnson, 467 U.S. 493, 500-02 (1984). Had Domitrovich reneged on his promise not to file a claim in the forfeiture case, the government could have filed a motion asking the court to set aside the plea agreement. In the present case, the forfeiture was not motivated by dissatisfaction with the punishment imposed in the criminal matter. By his plea agreement, Domitrovich received numerous benefits, including a sentence on the low end of the Guidelines range and incarceration at a local work-release facility. The forfeiture and sentence, even considered together, were both consented to by Domitrovich and were within the allowable ranges for the offense of conviction.[1]
 
 
 7
 We thus affirm the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government urges us to hold that, since Domitrovich did not claim an ownership interest in the subject property, he cannot claim that jeopardy attached. The forfeiture action commenced on November 3, 1993. On February 28, 1994, Domitrovich entered a plea agreement and agreed not to contest the forfeiture. He had not yet filed a claim, and default judgment was entered against him in July 1994. Thus, the government argues, this case involves an administrative forfeiture, which is not punishment for double jeopardy purposes. See United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995) (noting that "an administrative forfeiture of unclaimed property simply constitutes the taking of abandoned property" and "imposes no 'punishment' for purposes of the Double Jeopardy Clause"); see also United States v. Washington, 69 F.3d 401, 404 (9th Cir.1995) (extending the rationale of Cretacci to 21 U.S.C. § 881(a)(6)). Since Domitrovich agreed not to claim ownership, he never faced personal jeopardy
 This argument is less appropriate where, as here, the defendant entered a plea agreement not to file a claim in the forfeiture proceeding. If for some reason that underlying agreement were of questionable validity, it would make little sense to rule that defendant's failure to contest precludes him from claiming double jeopardy.