87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Myles ACKERS, Defendant-Appellant.
 No. 95-36216.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR. and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Myles Ackers, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his criminal conviction on double jeopardy grounds. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 Ackers contends that his criminal conviction violated the Double Jeopardy Clause because he had already been subjected to punishment for the same conduct through his abandonment of property to the Bureau of Alcohol, Tobacco and Firearms. We disagree. Ackers's abandonment of the property did not implicate his rights under the Double Jeopardy Clause because the government never instituted forfeiture proceedings against the property. See United States v. Hernandez, 80 F.3d 1253, 1261 (9th Cir.1996). Moreover, the forfeiture of abandoned property does not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Washington, 69 F.3d 401, 404 (9th Cir.1995); United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Ackers's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal