**MUNICIPALITY OF ANCHORAGE, Petitioner,**

v.

**William M. SKAGEN, Respondent.**

**Nos. A–5765, A–5795.**

Court of Appeals of Alaska.

June 21, 1996.

---

James L. Walker, Assistant Municipal Prosecutor, Mary K. Hughes, Municipal Attorney, Anchorage, for Petitioner.

Frederick T. Slone, Kasmar and Slone, Anchorage, for Respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

William M. Skagen was charged with two violations of the Anchorage Municipal Code: driving while intoxicated, AMC § 9.28.020A, and refusing to take a breath test, AMC § 9.28.022C. While Skagen awaited trial, the Municipality commenced a civil forfeiture proceeding against his automobile pursuant to AMC § 9.28.026C.[1] Skagen (who was the registered owner of the vehicle) failed to enter an appearance in the forfeiture action. As a consequence, the Municipality obtained a default judgement of forfeiture against the vehicle.

After the vehicle was forfeited to the Municipality, Skagen filed a motion seeking dismissal of the two criminal charges pending

---

1. This ordinance empowers the Municipality to institute a civil action seeking impoundment or forfeiture of any motor vehicle "that [was] operated, driven[,] or in the actual physical control of an individual arrested for or charged with ... driving while intoxicated, or ... refusal to submit to [a] chemical [breath] test[ ]". In cases in which the vehicle belongs to someone other than the person who was driving it, the ordinance creates a presumption that the vehicle was operated "with the knowledge and consent of the registered owners". The ordinance then continues:

A vehicle so operated [that is, a vehicle operated by a person who violated either the driving while intoxicated ordinance or the breath test refusal ordinance] is declared to be a public nuisance for which the registered owners hold legal responsibility[,] subject only to the defenses ... set forth [below].

The ordinance allows the Municipality to seek a 30–day impoundment of the vehicle if the driver has not been previously convicted of either DWI or breath-test refusal. If the driver has previously been convicted of either of these offenses, the Municipality can seek forfeiture of the vehicle. AMC § 9.28.026A(1).

against him. Skagen asserted that the forfeiture of his vehicle, based on his acts of driving while intoxicated and refusing to take the breath test, constituted a "punishment" for double jeopardy purposes. Because he had already suffered this punishment, Skagen argued, the double jeopardy clause of the Federal Constitution barred the Municipality from prosecuting him for these two crimes.

District Court Judge William H. Fuld agreed with Skagen in part. He ruled that the forfeiture of Skagen's vehicle constituted a punishment for double jeopardy purposes, but he found that the vehicle forfeiture had been based solely on Skagen's refusal to take the breath test, not his act of driving while intoxicated. For this reason, Judge Fuld dismissed the breath-test refusal charge but he maintained the driving while intoxicated charge.

The Municipality filed a petition for review, asking us to reinstate the breath-test refusal charge. Skagen filed a cross-petition, asking us to dismiss the driving while intoxicated charge. We granted both petitions, and we now hold that the Municipality is entitled to pursue both of the criminal charges.

There is support for Skagen's assertion that the forfeiture of a vehicle based on criminal acts of the driver constitutes a "punishment" for federal double jeopardy purposes. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965), cited in *Austin v. United States*, 509 U.S. 602, 619, 113 S.Ct. 2801, 2811, 125 L.Ed.2d 488 (1993), and *United States v. Perez*, 70 F.3d 345 (5th Cir.1995). There is also legal authority against Skagen. *See City of New Hope v. One 1986 Mazda 626*, 546 N.W.2d 300 (Minn. App.1996) (holding that the forfeiture of a vehicle operated by an intoxicated driver does not constitute "punishment" for double jeopardy purposes, and that such a forfeiture can be imposed in addition to the criminal penalties for DWI); *State v. Johnson*, 667 So.2d 510 (La.1996) (holding that the forfeiture of a vehicle used in drug offenses does not, *per se*, constitute "punishment" for double jeopardy purposes—that, with the possible exception of extraordinarily valuable vehicles, such a forfeiture can be imposed irrespective of whether the owner has already been convicted and sentenced for the drug offenses); *State ex rel. McGehee v. One 1989 Ford F–150 Pickup*, 888 P.2d 1036 (Okla. App.1994) (indicating that the forfeiture of a vehicle used in drug offenses does not constitute "punishment" for double jeopardy purposes). *See also United States v. Salinas*, 65 F.3d 551, 553–54 (6th Cir.1995), and *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (forfeiture of property purchased with the proceeds of illegal narcotics transactions is not "punishment" for double jeopardy purposes).

■ Despite the allure of this double jeopardy issue, we conclude that we need not resolve it to decide Skagen's case. The federal circuits uniformly hold that, even when the government files suit to obtain forfeiture of property based on a person's criminal acts, the double jeopardy clause is not implicated when the forfeiture is entered by default after the defendant fails to file an appearance in the forfeiture action and assert an interest in the property.

For instance, in *United States v. Washington*, 69 F.3d 401 (9th Cir.1995), government agents arrested Washington for narcotics offenses and seized over $1000 from him. When the government commenced forfeiture proceedings against this money, "Washington decided [on the advice of counsel] not to file a claim stating his interest in the seized money". 69 F.3d at 402.

After the money was forfeited to the government, Washington sought dismissal of the drug charges against him. He relied on *United States v. $405,089.23 in U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), a case in which the Ninth Circuit held that the forfeiture of money connected with narcotics offenses constituted "punishment" for double jeopardy purposes, thus prohibiting the government from later trying the defendant on criminal charges arising from the same conduct. However, the Ninth Circuit found that Washington's case was not governed by *U.S. Currency:*

[While] [c]riminal [prosecution] and civil forfeiture proceedings based on the same facts may subject a defendant to double jeopardy[,] [j]eopardy does not attach ... whenever the Government seizes property.

In the recent decision in [*United States v.] Cretacci*, [62 F.3d 307, 310–11 (9th Cir. 1995) ], we concluded that an owner who receives notice of an intended forfeiture and fails to claim an ownership interest in the property has effectively abandoned that interest. Because abandonment constitutes a relinquishment of all rights in the property, we held in *Cretacci* that the taking of such property imposes no "punishment" on the former owner and thus does not place him or her in jeopardy.

. . .

Washington failed to contest the propriety of the seizure [of the money] by filing a claim of ownership [or] by filing a petition for remission or mitigation. Under *Cretacci*, the Government's forfeiture of the monies found on Washington's person therefore imposed no punishment on him and he thus was never placed in jeopardy. Accordingly, we reject Washington's claim that his subsequent criminal prosecution constitutes double jeopardy.

*United States v. Washington*, 69 F.3d at 403–04 (citations omitted).

*Accord: United States v. James*, 78 F.3d 851, 855 (3rd Cir.1996); *United States v. Wilson*, 77 F.3d 105, 111 (5th Cir.1996); *United States v. Pena*, 67 F.3d 153, 156 (8th Cir.1995); *United States v. Ruth*, 65 F.3d 599, 603–04 (7th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1548, 134 L.Ed.2d 651 (1996); *United States v. Baird*, 63 F.3d 1213, 1217–1220 (3rd Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996); *United States v. Arreola–Ramos*, 60 F.3d 188, 192 (5th Cir.1995); *United States v. Torres*, 28 F.3d 1463, 1465–66 (7th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994).

Skagen, like the defendants in *Washington* and the cases cited in the last paragraph, failed to enter an appearance in the civil forfeiture action. With no one appearing to contest the forfeiture, the Municipality obtained the vehicle by default. Under the foregoing cases, Skagen was not placed in jeopardy in the forfeiture proceeding (because he was never a party to that proceeding), nor was Skagen "punished" by the forfeiture of the vehicle (because he failed to claim an interest in it).

Skagen claims that his failure to file an appearance in the forfeiture action stemmed from the fact that he was never properly notified of the proceeding. Skagen asserts that the Municipality sent the notice of impending forfeiture to the wrong address. Skagen further contends that the Municipality then compounded its error: having failed to elicit any response through its letter to Skagen, the Municipality proceeded to serve Skagen by publication—but it published the notice in a newspaper in Eagle River, not in Anchorage where Skagen was residing.

Assuming that Skagen could prove that he never received proper notice of the forfeiture action, he might be entitled to have the forfeiture set aside under Civil Rule 60.[2] So far, however, it appears that Skagen has chosen to take no action. Thus, Skagen's position in the district court (and his position on appeal) is that he might wish to assert an interest in the vehicle, and he might be entitled to have the default set aside if he succeeded in re-opening the forfeiture proceeding. These possibilities remain speculative because Skagen has done nothing to pursue them.

■■■ A judgement remains valid until it is shown to be invalid. The fact that a person claims that there is a compelling reason to set aside a judgement does not invalidate that judgement until the person's claim is proved in a judicial proceeding. *See* Civil Rule 60(b): "A motion [for relief from judgment] does not affect the finality of a judgment or suspend its operation." For the present, both the district court and this court

---

2. We note, however, that Civil Rule 60 requires such a motion to be made "within a reasonable time". The forfeiture order was entered in August 1994, and Skagen was aware of what had happened at least by February 1995. (On February 10, 1995, Skagen filed a pleading in the district court asserting that the forfeiture had occurred without proper notice to him).

must assume that the default forfeiture entered against Skagen's vehicle was valid— that Skagen received notice, and that he knowingly refrained from claiming an interest in the vehicle.

Moreover, even if we accepted Skagen's assertions of fact as true, this would leave Skagen in the position of claiming that his current criminal prosecution should be deemed a second jeopardy because Skagen might choose to subject himself to another punishment in the future. That is, Skagen asserts that he is entitled to have the forfeiture proceeding re-opened at some future time and, when it is re-opened, he would be entitled to assert an ownership interest in the vehicle (an act that could arguably make any renewed forfeiture order a "punishment" for double jeopardy purposes). None of these events has occurred yet.

The Ninth Circuit recently considered an analogous case in *United States v. Castro,* 78 F.3d 453 (9th Cir.1996). The defendant in *Castro* was charged with drug offenses and he was also notified that the government would be seeking forfeiture of some property he owned. Castro filed notice that he intended to contest the forfeiture, but the notice was filed late and it failed to include all the necessary forms. The Drug Enforcement Agency notified Castro of these deficiencies and extended him another opportunity to contest the forfeiture. Castro refiled the paperwork, but again it was not in proper form. (Castro failed to submit his pleadings under oath.) The government informed Castro that his pleadings were again deficient, and they gave him a third opportunity to contest the forfeiture. This time, Castro failed to respond. *Castro,* 78 F.3d at 454–55.

On appeal from his criminal convictions, Castro argued that the criminal judgement against him constituted a second punishment because the government had already obtained forfeiture of his property. The Ninth Circuit disagreed. "Merely asserting that the property belonged to him, without complying with the requirements for filing a claim of ownership, is not legally sufficient[,]" the court said. *Id.* at 456. The court additionally noted that Castro, despite his assertion of ownership, had never actually sought

to re-open the forfeiture proceedings or obtain a modification of the default judgement:

> [The defendant's] failure to file a petition for remission or mitigation ... reveals that, even when he had the opportunity to challenge ... the forfeiture and assert his interest, he weighed the worth of asserting a claim against any risks associated with doing so and ultimately decided not to assert a claim of ownership.

*Castro,* 78 F.3d at 457.

Skagen, like the defendant in *Castro,* asserts that he is the owner of the forfeited property, but he has done nothing to pursue this asserted ownership interest. The cases unanimously hold that the default forfeiture of the unclaimed vehicle did not inflict a punishment on Skagen.

Skagen's double jeopardy claim will not be ripe until such time, if any, as Skagen chooses to assert an interest in the vehicle and succeeds in re-opening the forfeiture proceeding. If, at that time, judgement. has already been entered against Skagen on either or both of the criminal charges, Skagen would have an arguable double jeopardy defense to the forfeiture. If, on the other hand, the forfeiture action is re-opened, Skagen unsuccessfully contests the forfeiture, and the forfeiture is re-imposed before judgement is entered against Skagen on the criminal charges, then Skagen would have an arguable double jeopardy defense to any continuation of the criminal charges.

These potential future scenarios have no bearing on our resolution of the present case. As things currently stand, Skagen's vehicle was forfeited by default after Skagen failed to assert an interest in it, and Skagen has yet to take any action to seek a re-opening of the forfeiture proceeding. Under these facts, Skagen must be deemed to have abandoned his interest in the vehicle, and the default forfeiture of that vehicle did not inflict any punishment on him. Moreover, Skagen has not been tried on the criminal charges. Thus, Skagen has not yet been subjected to any punishment, much less double punish-

ment, for his alleged acts of driving while intoxicated and refusing the breath test.

We therefore REVERSE the district court's dismissal of the breath-test refusal charge, and we AFFIRM the district court's refusal to dismiss the driving while intoxicated charge. We remand Skagen's case to the district court for further proceedings on these two criminal charges.