91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ariel ESCOBEDO, aka Ariel Joquin, aka Ignacio Hernandez,
Defendant-Appellee.
 No. 95-30229.
 United States Court of Appeals, Ninth Circuit.
 July 16, 1996.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CR-90-57-01-JET; Jack E. Tanner, Sr., District Judge, Presiding.
 
 
 2
 Before: BROWNING, T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Because the parties are familiar with the facts, the court will not restate them here.
 
 
 5
 Escobedo concedes that he did not file a claim for the property or post a bond. In United States v. Cretacci, 62 F.3d 307 (1995), petition for cert. filed (Feb. 13, 1990) (No. 95-7955), we held that the administrative forfeiture of unclaimed property does not constitute punishment for purposes of the Double Jeopardy Clause; therefore, a criminal prosecution following such an administrative forfeiture does not violate a defendant's Fifth Amendment rights. Cretacci is controlling in this case, and the district court therefore erred in granting Escobedo's motion to bar imposition of punishment on the ground of double jeopardy.
 
 
 6
 Escobedo contends that the United States is judicially estopped from claiming that the property and cash were "abandoned," because the government pointed to Escobedo as the owner of the forfeited cash and property during Escobedo's criminal trial. This argument is unavailing. "The critical time for making a claim of ownership" is at the time of forfeiture. Cretacci, 62 F.3d at 310. The government's reliance on Escobedo's ownership of the cash and property at the time of his offenses or of his arrest to prove the criminal charges against him is not inconsistent with the proposition that Escobedo "effectively abandoned" the cash and property at the critical moment by not claiming ownership within the time specified in the notices of forfeiture and the applicable statutes. See United States v. Washington, 69 F.3d 401, 404 (9th Cir.1995) (Even where defendant's possession of forfeited money supports his interest in it at time of seizure, "it does not demonstrate that [defendant] wished to pursue that interest once the Government notified him that it was seeking forfeiture of the money.").[1]
 
 
 7
 REVERSED AND REMANDED FOR SENTENCING.
 
 
 
 *
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his moving papers, Escobedo also argued that Cretacci cannot be applied retroactively because the court announced a "new rule" when it held that "a defendant's claim of ownership of property may not be used" to incriminate the defendant in a criminal case. Cretacci, 62 F.3d at 311. Escobedo conceded at oral argument, however, that his retroactivity argument fails in light of Griffith v. Kentucky, 479 U.S. 314, 322 (1987), under which newly declared constitutional rules must be applied to all cases pending on direct review. As such, Cretacci applies to all cases not yet final at the time Cretacci was decided, including Escobedo's. Washington, 69 F.3d at 404