UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald D. CHICK, Defendant–Appellant.

No. 94–30395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1995.

Decided July 14, 1995.

Todd Maybrown, Allen, Hansen & Maybrown, Seattle, WA, for defendant-appellant.

Joseph Douglas Wilson, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: BROWNING, WRIGHT, and NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Ronald Chick interlocutorily appeals the district court's denial of a motion to dismiss his criminal prosecution on the basis of double jeopardy. Chick is charged with one count of conspiring to sell illegally modified satellite descramblers in violation of 18 U.S.C. § 371 and § 2512(1)(b), and seventeen counts of selling descramblers in violation of 18 U.S.C. § 2512(1)(b). Chick contends the criminal charges should be dismissed because he has already been subjected to punishment for the same offenses through a civil forfeiture action under 18 U.S.C. § 2513, which ultimately resulted in the entry of a consent judgment. We have jurisdiction over this interlocutory appeal, and we affirm.

## I. FACTS AND PRIOR PROCEEDINGS

Based on an FBI agent's affidavit alleging that Chick illegally modified and sold television "descrambler modules," which allowed users to receive cable and satellite television channels without payment, a magistrate issued warrants to search Chick's house and storage locker. The warrants were executed on April 1, 1993, and a vast array of items were seized, including more than fifty descramblers.

On November 19, 1993, the Government filed a civil complaint seeking forfeiture of equipment seized from Chick's residence. The complaint alleged that the seized equipment was subject to forfeiture under 18 U.S.C. § 2513, because it was used to intercept electronic communications through satellite television descramblers and the unauthorized interception of private satellite video communications, either scrambled or encrypted, for financial gain in violation of 18 U.S.C. § 2511. On August 30, 1994, Chick and the Government entered into a consent judgment to settle the forfeiture action, and on August 31, 1994, the case was dismissed.

On July 26, 1994, a grand jury returned an indictment charging Chick and his sister with engaging in a conspiracy to "assemble, possess, and sell" satellite descrambler modules that allowed the descrambling of certain television programming without payment of subscription fees. Chick was also charged with

twelve substantive violations of 18 U.S.C. § 2512, for selling illegal descrambler units. On October 18, 1994, the grand jury returned a superceding indictment which charged Chick with five more counts of selling illegal descrambler units.

Before trial, Chick moved to dismiss the criminal charges against him on the grounds that they violated the Double Jeopardy Clause. Chick argued that the prior civil forfeiture of some of the equipment seized from his home constituted punishment for the same offenses charged in the criminal indictment. The district court denied the motion, concluding that the civil forfeiture action and the impending prosecution were not based upon the same offenses.

Based on *United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir.1988), *cert. denied*, 493 U.S. 954, 110 S.Ct. 365, 107 L.Ed.2d 351 (1989), together with a finding that Chick had raised a colorable double jeopardy claim, the district court certified the issue for an interlocutory appeal and Chick timely filed his Notice of Appeal with this court.

## II. JURISDICTION

The Government contends that we lack jurisdiction over this interlocutory appeal because Chick has not been subjected to multiple criminal prosecutions, and because he has yet to be subjected to multiple punishments. In essence, the Government argues that exposure to multiple punishments cannot be interlocutorily appealed because the multiple punishments prong of the Double Jeopardy Clause is not violated until the subsequent punishment is actually imposed. We disagree.

An appeal from a pretrial order denying a motion to dismiss an indictment is typically considered interlocutory, and, therefore, not appealable as a final decision under 28 U.S.C. § 1291. However, where judgment has been entered in a civil forfeiture proceeding, and a defendant moves to dismiss a subsequent criminal prosecution on double jeopardy grounds, we find the pretrial order denying the motion to dismiss appealable under the collateral order exception to the final judgment rule and *Abney v. United*

*States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).[1]

In *Abney,* the Supreme Court specifically held that "courts of appeals may exercise jurisdiction over an appeal from a *pretrial order* denying a motion to dismiss an indictment on double jeopardy grounds." *Id.* at 662, 97 S.Ct. at 2042 (emphasis added). Unlike this case, where Chick seeks to avoid an impending criminal prosecution, *Abney* involved a defendant's challenge to a *second* criminal prosecution. Nevertheless, the basis for permitting an interlocutory appeal on double jeopardy grounds in this case is no less compelling than it was in *Abney.* As the Court acknowledged:

> Although it is true that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, we conclude that such orders fall within the "small class of cases" that Cohen has placed beyond the confines of the final-judgment rule. In the first place there can be no doubt that such orders constitute a complete, formal and, in the trial court, a final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee. Hence, Cohen's threshold requirement of a fully consummated decision is satisfied.

> Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged. In arguing that the Double Jeopardy Clause of the Fifth Amendment bars his prosecution, the defendant makes no challenge whatsoever to the merits of the charge against him. Nor does he seek suppression of evidence which the Government plans to use in obtaining a conviction. Rather, *he is contesting the very authority of the Government to hale him into court to face trial on the charge against him.*

*Id.* at 659, 97 S.Ct. at 2040 (footnote omitted) (citations omitted) (emphasis added).

The constitutional right directly involved in *Abney* was the right to avoid a second trial. Here, Chick's claimed right is the right to avoid a second punishment. That punishment can only be imposed after a trial. The Government is arguing that it is constitutionally permissible to subject a defendant to a trial even though the district court could not constitutionally impose any sentence if the jury returned a guilty verdict. Whatever may be the merits of the Government's constitutional argument, it has no merit in a *Cohen* and *Abney* context, where the issue is one of appealability.

For purposes of our *Cohen* analysis, it is established that the double jeopardy issue is collateral to the question of guilt, and it was finally decided by the district court when it denied Chick's motion. The third *Cohen* question, whether the right would be irretrievably lost, calls for a facially different analysis than in an *Abney* situation. There, the commencement of the trial was itself a violation of the right not to be tried twice. Here, the trial itself would not violate the constitution. However, if the defendant is convicted, and punishment imposed, then the constitutional right not to be doubly punished is lost, even if vindicated on appeal. The only way to avoid that result is to allow an appeal before trial. Permitting an interlocutory appeal prevents the loss of a constitutional right and is thus supported by the analysis in *Abney.*

---

1. The collateral order exception to the final-judgment rule was first announced in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cohen* recognized a "small class" of district court decisions that finally determine claims collateral to other rights asserted in the action and are too important to be deferred until the whole case is adjudicated. *Id.* at 546, 69 S.Ct. at 1225–26. The small class of cases defined in *Cohen* consists of intermediate decisions satisfying three criteria: (1) the district court's order must finally dispose of the question; (2) the issue must be completely collateral to the cause of action asserted; and (3) the decision must involve an important right that would be "lost, probably irreparably," if review must await final judgment. *Id.*

In light of the foregoing reasoning and the judgment previously entered in the civil forfeiture proceeding involving Chick's property, we hold that an appeal of the pretrial order rejecting Chick's claim of double jeopardy falls within the "small class of cases" that have been placed "beyond the confines of the final-judgment rule." *Id.* at 659, 97 S.Ct. at 2040. Chick should not be forced "to endure the personal strain, public embarrassment, and expense of a criminal trial" if there is a colorable claim that the Double Jeopardy Clause has been violated. *Id.* at 661, 97 S.Ct. at 2041. On the contrary, if a criminal defendant such as Chick is "to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Id.* at 662, 97 S.Ct. at 2041.

Accordingly, under 28 U.S.C. § 1291 and *Abney,* we have jurisdiction to hear Chick's interlocutory appeal of the pretrial order denying his motion to dismiss the indictment on double jeopardy grounds.

## III. STANDARD OF REVIEW

A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed *de novo. United States v. Goland,* 897 F.2d 405, 408 (9th Cir.1990).

## IV. DISCUSSION

"[T]he Double Jeopardy Clause protects against three distinct abuses: [1] a second prosecution for the same offense after acquittal; [2] a second prosecution for the same offense after conviction; and [3] multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Here we focus on whether Chick is exposed to multiple punishments for the same offense.

Based on the reasoning contained in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended on denial of reh'g,* 56 F.3d 41 (1995), the current law in the Ninth Circuit equates at least some civil forfeitures with "punishment" for double jeopardy purposes, and the Fifth Amendment's Double Jeopardy Clause precludes the Government from bringing a separate civil forfeiture action based on the same offense for which a claimant/defendant has already been criminally prosecuted. Correspondingly, it follows that, where a claimant/defendant has been subjected to a civil forfeiture that amounts to punishment and judgment has already been entered, the Fifth Amendment's Double Jeopardy Clause precludes the Government from bringing a separate criminal action for the same offense which the civil forfeiture was based upon.

To determine if a particular forfeiture statute constitutes punishment, courts are directed to consider: (1) whether the statute serves solely a remedial purpose or serves to punish and deter criminal conduct; and (2) whether Congress tied forfeiture to the commission of specific offenses. *Id.* at 1221, *citing Austin v. United States,* — U.S. —, — – —, 113 S.Ct. 2801, 2810–12, 125 L.Ed.2d 488 (1993). Chick draws the court's attention to the legislative history of 18 U.S.C. § 2513 in support of his contention that Congress intended that forfeiture statute to serve punitive purposes.

> Section 2513 of the new chapter provides that any electronic, mechanical or other intercepting device possessed, used, sent, carried, manufactured or assembled in violation of section 2511 or 2512 ... may be seized and forfeited to the United States. This provision *adds a significant sanction* to the prohibitions of sections 2511 and 2512. The equipment employed in electronic surveillance is usually expensive. The equipment itself often makes the interception possible. Its confiscation will *impose an additional penalty on the individual who violates the provisions of sections 2511 and 2512 and prevent further violations using the same equipment.*

S.Rep. No. 1097, 90th Congress, 2d Session, reprinted in 1968 U.S.C.C.A.N. 2112, 2184 (emphasis added).

We are convinced that Congress did not consider § 2513 to serve solely a remedial purpose. As the legislative history illustrates, § 2513 was specifically designed to punish and deter criminal conduct. And,

given the direct reference to 18 U.S.C. § 2511 and § 2512 within the text of § 2513, Congress tied forfeiture to the commission of specific criminal offenses. For these reasons, we hold that the civil forfeiture of Chick's electronic equipment under 18 U.S.C. § 2513 constituted punishment. The punishment arising from Chick's civil forfeiture *and* imposition of a separate punishment in Chick's criminal prosecution are *both* constitutionally permissible, however, if the punishments are not based upon the same offenses.

In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court held that punishment for two statutory offenses arising out of the same criminal act or transaction does not violate the Double Jeopardy Clause if "each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. More recently, in *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993), the Court clarified the use of the "same elements test" set forth in *Blockburger* when it overruled the "same conduct" test announced in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and held that the Double Jeopardy Clause bars successive prosecutions only when the previously concluded and subsequently charged offenses fail the "same elements" test articulated in *Blockburger. See also Gavieres v. United States,* 220 U.S. 338, 345, 31 S.Ct. 421, 423, 55 L.Ed. 489 (1911) (early precedent establishing that in a subsequent prosecution "[w]hile it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other").

If Chick's criminal charges require proof of facts which, absent the entry of a consent judgment, the civil forfeiture action would not have required to be proven, then the criminal charges cannot be said to be based upon the same offense underlying the forfeiture action. The consent judgment entered in the civil forfeiture action brought against Chick's property states that miscellaneous electronic equipment was "subject to forfeiture to the United States under 21 U.S.C. § 2513 because it was used to intercept electronic communications in violation of 18 U.S.C. § 2511." By comparison, count one of the superceding indictment alleges that for the five year period preceding July 25, 1994, Chick "knowingly and intentionally [conspired] to assemble, possess, and sell ... satellite descrambler modules" for illegal purposes. And, counts two through eighteen of the superceding indictment allege that, on the various dates specified, Chick sold illegally modified satellite descramblers.

■ The civil forfeiture proceeding only required proof that the seized electronic equipment was used to intercept electronic communications in violation of 18 U.S.C. § 2511. The civil forfeiture proceeding did not require proof that Chick conspired to assemble, possess or sell satellite descrambler modules *or* that Chick sold illegally modified satellite descramblers. Therefore, applying the *"Blockburger* test" to the record before us,[2] we find that the counts contained in the superceding indictment were based on distinctly different offenses from the offense which underlies the civil forfeiture action involving electronic equipment belonging to Chick.

Chick also argues that "the Double Jeopardy Clause does not permit a court to impose additional punishment for the same offense conduct merely by relying upon the identical conduct (and nothing more) as proof of con-

2. Chick contends that the district court erred when it denied his motion to dismiss without first holding an evidentiary hearing. We do not agree. The written record sufficiently establishes that the civil forfeiture complaint and the criminal prosecution are not based on the same offenses. *Compare United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 495 (9th Cir.1994) (reversing and remanding case to the district court for a determination of whether "civil forfeiture under [21 U.S.C.] § 881(a)(4) can be predicated upon some offense other than those for which [claimant/defendant] has already been tried"); *and United States v. $292,888.04 U.S. Currency,* 54 F.3d 564 (9th Cir.1995) (amended) (affirming district court's finding that civil forfeiture of funds under currency reporting statute, 31 U.S.C. § 5317(c), did not punish claimant for the same drug-related offenses for which he was criminally prosecuted). Unlike *One 1978 Piper Cherokee Aircraft,* we find that remand for an evidentiary hearing on the double jeopardy issue is not called for in Chick's case.

spiracy." Chick's argument presumes that "the same offense conduct" (i.e., using the forfeited equipment to illegally intercept electronic communications) "and nothing more" is alleged to support and will be used to prove the conspiracy charge. However, not only is Chick's contention disproved by the wording of the overt acts which accompany the conspiracy count contained in the indictment, but the offense of conspiracy requires proof of at least two facts which the forfeiture action did not i.e., (1) proof of an agreement to commit the substantive offense; *and* (2) proof of participation by the defendant.

In addition, Chick's arguments with respect to the conspiracy count are expressly foreclosed by *United States v. Felix,* 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), and *United States v. Saccoccia,* 18 F.3d 795 (9th Cir.1994). In *Felix,* the Court held that "prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause." 503 U.S. at 380–81, 112 S.Ct. at 1380. *See also Saccoccia,* 18 F.3d at 798 (*citing Felix,* 503 U.S. at 388–89, 112 S.Ct. at 1384) ("A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes.").

According to *Felix* and *Saccoccia,* the Double Jeopardy Clause would not be violated by the forfeiture of electronic equipment used by Chick to intercept electronic communications in violation of 18 U.S.C. § 2511 and then a subsequent prosecution of Chick for conspiring to use the same equipment for the same illegal purposes. Nevertheless, double jeopardy problems are more remote in this case because Chick is *not* charged with conspiring to "use the equipment to intercept electronic communications," but rather is charged with conspiring "to assemble, possess and sell" satellite descrambler modules for illegal purposes.

## V. CONCLUSION

We have jurisdiction to hear an interlocutory appeal of a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds when a defendant, such as Chick, has been subjected to punishment in the form of a civil forfeiture proceeding *and* judgment has already been entered. However, because the civil forfeiture proceeding under 18 U.S.C. § 2513 and the criminal proceeding under 18 U.S.C. § 371 and § 2512 are based upon different offenses committed by Chick, we hold that the Double Jeopardy Clause has not been violated. The district court properly denied Chick's motion to dismiss the superceding indictment.

AFFIRMED.