68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,
v.
Gerald Frank PLUNK, Defendant-Appellee, Cross-Appellant.
 Nos. 94-30421, 94-30422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Submission Deferred June 13, 1995.
Resubmitted Sept. 20, 1995.
Decided Oct. 17, 1995.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have jurisdiction over this interlocutory appeal. United States v. Chick, 61 F.3d 682 (9th Cir. 1995).
 
 
 3
 In United States v. Cretacci, 62 F.3d 307 (9th Cir. 1995), we held that if property seized by an agency under the administrative forfeiture procedure, 19 U.S.C. Sec. 1609(a), is not claimed within a specified time limit, the property is declared "forfeited" and may be sold. The administrative forfeiture of unclaimed property simply constitutes the taking of abandoned property, and as such, does not impose a "punishment" for purposes of the Double Jeopardy Clause. Id. at 310.
 
 
 4
 In this case, Plunk does not dispute that he received notice of the Government's intent to seek forfeiture of the property seized from his home and his person and that he had to file a claim to preserve any right he had to that property. The required notice was also published in USA Today. Plunk did not file a claim and the property was administratively forfeited. If no claim is filed, the Government has the authority to declare the property forfeited without a judicial adjudication. See 19 U.S.C. Sec. 1609; 21 C.F.R. Sec. 1316.77. This declaration has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. Sec. 1609(b). In other words, administrative forfeiture can be used only to obtain the forfeiture of unclaimed property.
 
 
 5
 Because Plunk did not assert any claim to the seized property, he was not punished when it was forfeited. Further, because Plunk was not a party to the prior administrative forfeiture, he was not in jeopardy and his trial and punishment in the criminal prosecution would not amount to double jeopardy.
 
 
 6
 Plunk responds that he was forced not to formally contest the civil forfeitures (and thus suffer punishment) to protect his Fifth Amendment privilege in the pending criminal case. He argues that although the notices of seizure did not specify the owner, the actual judgments of forfeiture listed his inmate number and adjudicated him as the owner.
 
 
 7
 In Cretacci, we rejected "the argument that by requiring a defendant to claim his property we force him to sacrifice his right against self-incrimination in order to preserve his right against Double Jeopardy." Id. at 311. The court pointed out that "[a] defendant's claim of ownership at a pre-trial suppression hearing of property that he contends was unlawfully seized may not be used to prove the defendant's guilt." Id. Similarly, "a defendant's claim of ownership of property that was subject to forfeiture may not be used for that purpose." Id.
 
 
 8
 Therefore, Plunk is in no different a position than a criminal defendant who wishes to suppress contraband seized from him. Such a defendant must assert ownership of the property in order to claim that its seizure invaded his rights under the Fourth Amendment. See United States v. Salvucci, 448 U.S. 83 (1980).
 
 
 9
 Further, there was no "adjudication" of Plunk's ownership of the cash, gold, firearms and watch. The two declarations of forfeiture do contain computer-generated information at the top of the documents stating the seizure number, case number, item(s) seized, value, seizure date and place, judicial district, and note: "OWNER: PLUNK, GERALD F.," "SEIZED FROM: PLUNK, FRANK (INMATE #7603)." However, these notations do not rise to the level of a judicial adjudication of ownership where a claim or a petition for remission or mitigation has not been filed.
 
 
 10
 In light of the rationale set forth in Cretacci, we hold that the forfeiture of Plunk's abandoned property was not a "punishment," and thus Plunk was not placed in jeopardy. Accordingly, the subsequent criminal prosecution is not barred by the Double Jeopardy Clause. Because we reverse the district court's order dismissing the five of twelve counts on the ground of double jeopardy, Plunk's cross-appeal of the district court's denial of his motion to dismiss the entire indictment is moot and is therefore dismissed.
 
 
 11
 REVERSED AND REMANDED IN PART, DISMISSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3