69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas G. HOUSLEY, Defendant-Appellant.
 Nos. 94-10523, 95-10126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Douglas G. Housley appeals pro se the district court's denial of his motions for reconsideration of (1) his Fed.R.Crim.P. 41(e) motion for return of property and Fed.R.Crim.P. 35 motion to dismiss his indictment as violative of double jeopardy and (2) his Fed.R.Crim.P. 35 motion to challenge his sentence enhancement under 21 U.S.C. Sec. 851. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Background
 
 3
 On July 3, 1986, Housley was convicted, by jury, of conducting a criminal enterprise, manufacturing methamphetamine, and attempting to manufacture methamphetamine. In addition, Housley's Lake Tahoe home, Dodge pickup truck, boat and twenty-three firearms were criminally forfeited.
 
 
 4
 On March 3, 1994, Housley filed a Fed.R.Crim.P. 41(e) motion for return of personal papers and documentary evidence. The district court ordered the government to either respond to the motion or return the property. On October 11, 1994, the government filed a notice of return of property indicating that all of Housley's property in the government's possession had been sent to Housley at the federal correctional institution. Housley then filed a "Reply" claiming that the government had not turned over all of his personal papers and books, which the district court denied. On December 23, 1994, Housley filed a motion to reconsider/motion to supplement his March 3, 1994, Fed.R.Crim.P. 41(e) motion in which he, for the first time, listed various tools, ammunition and firearms that the government had not returned and argued that based on previous forfeitures, his indictment violated the Double Jeopardy Clause. Housley also filed a motion requesting an evidentiary hearing and discovery. The district court denied these motions.
 
 
 5
 On January 23, 1995, Housley filed a motion for an evidentiary hearing and discovery. On February 28, 1995, the district court denied Housley's motion for reconsideration, and Housley's request for an evidentiary hearing and discovery.
 
 
 6
 On May 26, 1994, Housley moved to reconsider the denial of his previous Fed.R.Crim.P. 35 motion to vacate, set aside, or reconsider his sentence contending that 21 U.S.C. Sec. 851 was unconstitutional.
 
 
 7
 Housley timely appealed from both denials. His appeals were consolidated.
 
 
 8
 * Denial of Fed.R.Crim.P. 41(e) Motion and Motion for Reconsideration
 
 
 9
 Housley contends that the district court erred by denying his December 23, 1994, motion to reconsider/motion to supplement his Fed.R.Crim.P. 41(e) motion. This contention lacks merit.
 
 
 10
 We review a district court's denial of a motion for reconsideration for abuse of discretion. United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir.1992). "A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed de novo." United States v. Chick, 61 F.3d 682, 686 (9th Cir.1995).
 
 
 11
 Housley contends that his criminal indictment violates the Double Jeopardy Clause based on the forfeitures of twelve pieces of art, a Dodge pickup truck, two ivory statutes, his Lake Tahoe home and twenty-three guns. This contention lacks merit.
 
 
 12
 "[W]here a claimant/defendant has been subject to a civil forfeiture that amounts to punishment and judgment has already been entered, the Fifth Amendment's Double Jeopardy Clause precludes the Government from bringing a separate criminal action for the same offense which the civil forfeiture was based upon." Chick, 61 F.3d at 686. An administrative forfeiture of unclaimed property, however, does not constitute "punishment" for purposes of the Double Jeopardy Clause. United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995).
 
 
 13
 Here, although the government began civil forfeiture proceedings against Housley's Lake Tahoe home, Dodge pickup truck, boat and twenty-three firearms, these items were eventually criminally forfeited at Housley's criminal trial. Because the Double Jeopardy Clause prohibits successive punishments, and because Housley's property was forfeited at the same proceedings, Double Jeopardy was not violated. Cf. Chick, 61 F.3d at 686.
 
 
 14
 The government also began civil forfeiture proceedings against the two ivory statutes and the twelve pieces of art. These items, however, were never administratively forfeited and were in fact returned to Housley's then-wife Kim Housley. Furthermore, Housley did not timely contest either of these forfeitures, and thus his double jeopardy claim is foreclosed by Cretacci, 62 F.3d at 310.[1]
 
 
 15
 Housley also contends that the government has not returned various tools, ammunition and firearms, and that the district court improperly shifted the burden of proof by requiring him to offer proof that the government has possession of these items. See United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (burden shifts to the government to show legitimate reason to retain property once it is no longer needed as evidence). Since Housley offered no proof that the government actually seized the above items, other than arguing that the items are now missing, the burden never shifted to the government in the first place. See id. Furthermore, Housley all but concedes that the missing property is in the possession of his ex-wife Kim.
 
 
 16
 Finally, given that the district court properly denied both Housley's Fed.R.Crim.P. 41(e) motion and his motion for reconsideration, the district court did not abuse its discretion in refusing to hold an evidentiary hearing or to permit discovery. See United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990) (discovery rulings reviewed for abuse of discretion); United States v. Gonzales, 765 F.2d 1393, 1399 (9th Cir.1985) (district court's ruling on whether to hold an evidentiary hearing on a Fed.R.Crim.P. 35 motion reviewed for abuse of discretion), cert. denied, 474 U.S. 1068 (1986).
 
 II
 
 17
 Denial of Motion to Reconsider Fed.R.Crim.P. 35 Motion
 
 
 18
 Housley contends that district court erred by denying his motion to reconsider the denial of a previous Fed.R.Crim.P. 35 motion to correct his sentence, which was enhanced pursuant to 21 U.S.C. Sec. 851 based on a 1974 felony drug conviction.[2] Specifically, Housley contends that 21 U.S.C. Sec. 851 violates equal protection, due process and the doctrine of laches. These contentions lack merit.
 
 
 19
 The district court's denial of a motion for reconsideration is reviewed for abuse of discretion. Nutri-Cology, Inc., 982 F.2d at 397. "The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion." United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 20
 In United States v. Davis, 36 F.3d 1424, 1438-39 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995), this court explicitly held that 21 U.S.C. Sec. 851 was constitutional, and that such a holding was mandated by United States v. Custis, 114 S.Ct. 1732 (1994). Accordingly, the district court properly denied both Housley's Fed.R.Crim.P. 35 motion and his motion for reconsideration.[3] See Stump, 914 F.2d at 172.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, because Housley did not timely contest the seizure of the twelve pieces of art, the government issued a notice of forfeiture after the art had been returned to Kim Housley. In light of the fact that the government no longer had possession of these items, the notice of forfeiture was declared a nullity
 
 
 [2]
 Fed.R.Crim.P. 35 was revised in 1985. The prior version, which governs this case, applies to sentences for offenses committed before November 1, 1987
 
 
 [3]
 To the extent that Housley is claiming that the 1974 conviction was both a misdemeanor and later expunged, we note that Housley offers no proof of either of these contentions. Furthermore, Housley's conclusory and unsupported claims of prosecutorial misconduct do not provide a basis for either sanctioning the government or striking his sentence enhancement