85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Steven GOOD, Defendant-Appellee.
 No. 95-30102.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Submission Vacated Jan. 19, 1996.
Resubmitted May 6, 1996.
Decided May 8, 1996.
 
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 MEMORANDUM**
 We conclude that the superseding indictment was not barred by the prior consent judgment for forfeiture and therefore reverse the order granting Good's motion to dismiss the indictment and remand for further proceedings.
 The forfeiture proceeding was based solely upon alleged use of the property to commit or facilitate the commission of offenses in violation of 21 U.S.C. § 841. The complaint for forfeiture expressly so alleges. Nothing in the Warrant of Arrest In Rem, the lis pendens, or the consent judgment expanded the basis for the forfeiture alleged in the complaint. On their face, the three other documents purport to do no more in this respect than restate the allegations of the complaint. It would be unreasonable to read the unexplained addition of "et seq. " and the general reference to the "Controlled Substances Act" as intended to add without identification some legal basis for the forfeiture other than the explicitly alleged violation of 21 U.S.C. § 841. The statement in the consent judgment that "this Consent Judgment fully and finally resolves all issues in this action" is also reasonably read as governed by the express limitation of the legal basis for the forfeiture proceeding as a violation of 21 U.S.C. § 841.
 Since the forfeiture was based solely on violation of section 841, and the prosecution solely on violation of section 846, Good was not prosecuted or punished for the "same offense"--a substantive crime and a conspiracy to commit that crime are separate offenses for double jeopardy purposes. United States v. Felix, 112 S.Ct. 1377, 1384-85 (1992); United States v. Chick, 61 F.3d 682, 687-88 (9th Cir.1995); United States v. Calabrese, 825 F.2d 1342, 1346 (9th Cir.1987). Good's argument that the Government cannot impose additional punishment by relying on identical conduct, and nothing more, to prove conspiracy was rejected in Chick, 61 F.3d at 687-88. See also United States v. Wright, No. 95-30054, slip op. at 3270 (9th Cir. Mar. 7, 1996).
 United States v. Halper, 490 U.S. 435 (1989), and Dept. of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994), are inapplicable. Neither deals with the question whether successive proceedings imposing punishment involved the same offense for double jeopardy purposes.
 Good has alleged no governmental conduct rising to the level of a due process violation.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3