85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellant,
v.
Christopher P. WHITTLESEY, Petitioner-Appellee.
 No. 95-35192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Submission Vacated Jan. 19, 1996.
Resubmitted May 6, 1996.
Decided May 8, 1996.
 
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 MEMORANDUM**
 We conclude the criminal conviction was not barred by the prior judgment for forfeiture and therefore reverse the order vacating the judgment and sentence and dismissing the indictment and remand for further proceedings.
 The forfeiture proceeding was based solely upon alleged use of the property to commit or facilitate the commission of offenses in violation of 21 U.S.C. § 841. The complaint for forfeiture and the judgment for forfeiture expressly so allege.
 Whittlesey pled guilty only to conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846. Since Whittlesey was punished solely for violation of section 846, and the forfeiture was based solely on violation of section 841, Whittlesey was not punished for the "same offense"--a substantive crime and a conspiracy to commit that crime are separate offenses for double jeopardy purposes. United States v. Felix, 112 S.Ct. 1377, 1384-85 (1992); United States v. Chick, 61 F.3d 682, 687-88 (9th Cir.1995); United States v. Calabrese, 825 F.2d 1342, 1346 (9th Cir.1987). Whittlesey's argument that the Government cannot impose additional punishment by relying on identical conduct or evidence to prove conspiracy was rejected in Chick, 61 F.3d at 687-88. See also United States v. Wright, No. 95-30054, slip op. at 3270 (9th Cir. Mar. 7, 1996). Whittlesey's assertion that the court should treat multiple punishment cases differently from multiple prosecution cases is also foreclosed by Chick, which was a multiple punishment case.
 United States v. Halper, 490 U.S. 435 (1989), and Dept. of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994), are inapplicable. Neither deals with the question whether successive proceedings imposing punishment involved the same offense for double jeopardy purposes.
 The fact that manufacture of marijuana was considered in Whittlesey's sentencing did not violate double jeopardy. Uncharged conduct may be considered in arriving at a sentence within the statutorily authorized punishment range; for double jeopardy purposes, the defendant is punished only for the offense of conviction. Witte v. United States, 115 S.Ct. 2199, 2205-07 (1995).
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3