87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
400 WRENCO LOOP ROAD, SANDPOINT, BONNER COUNTY ID, and any
and all appurtenances and improvements thereto aka
J Lazy S Ranch; Max Leroy Singleton,
Defendants-Appellees.
 No. 95-35701.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 18, 1996.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals an order granting Singleton's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The government argues that the district court erred in holding that under United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994), Singleton's civil forfeiture violated the Double Jeopardy Clause. We reverse.
 
 
 3
 Civil judicial forfeiture based on the same offenses for which the defendant was punished in a prior criminal prosecution violates the Double Jeopardy Clause. United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994). Whether offenses are the same for purposes of the Double Jeopardy Clause depends on whether each offense requires proof of a fact which the other does not. United States v. Chick, 61 F.3d 682, 687 (9th Cir.1995). Civil forfeiture after a criminal conviction is not barred by the Double Jeopardy Clause if the civil forfeiture is predicated upon an offense other than the offenses of conviction. See United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 495 (9th Cir.1994).
 
 
 4
 Singleton pleaded guilty to five criminal counts and later settled civil forfeiture proceedings. The forfeiture judgment does not specify the offenses on which the forfeiture is based because he agreed to forfeit his property "without adjudication of fact or law raised by the pleadings." The forfeiture complaint, however, alleges at least 10 offenses, many of which are not the same offenses to which he pleaded guilty. These additional offenses provide independent and adequate bases for the forfeiture agreement. The judgment is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3