87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ray HEPLER, Defendant-Appellant.
 No. 95-35495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided June 19, 1996.
 
 1
 Before: BROWNING, T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 STANDARD OF REVIEW
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996).
 
 ANALYSIS
 
 4
 At issue in the present case is whether Hepler was exposed to multiple punishments for the same offense.[1] See United States v. Halper, 490 U.S. 435, 440 (1989).
 
 
 5
 To survive a double jeopardy challenge in the multiple punishment context, the two offenses for which defendant is punished or tried must survive the "same-elements" test. United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 2856 (1993). This test inquires "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." Id. However, if each offense requires proof of an additional fact which the other does not, the offenses are not the same for double jeopardy purposes, and punishment and successive prosecution is not barred. See United States v. Chick, 61 F.3d 682, 687 (9th Cir.1995), cert. denied, 116 S.Ct. 1416 (1996).
 
 
 6
 In the present case, the consent judgments state that the forfeitures were based on the illegal manufacture and distribution of marijuana. The conviction was based on Hepler's plea of guilty to conspiracy to manufacture and distribute marijuana. Because a "substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes," United States v. Saccoccia, 18 F.3d 795, 798 (9th Cir.1994) (citing United States v. Felix, 112 S.Ct. 1377, 1384 (1992)), Hepler's double jeopardy challenge must fail. See also Chick, 61 F.3d at 688.
 
 
 7
 whether the forfeiture and the conviction constituted punishment for the same offense). Comparing the consent judgments with the plea agreement makes it clear that the forfeitures and the conviction were for two different offenses.
 
 
 8
 Because the forfeitures and the conviction and sentence are based on different offenses, Hepler's double jeopardy claim must fail. The district court's denial of Hepler's habeas corpus petition is therefore affirmed.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We assume, for purposes of this appeal, that a civil forfeiture pursuant to 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes
 
 
 [2]
 Because we deny the petition on the grounds that the forfeiture and the conviction and sentence are based on different offenses, we need not reach the remaining issues raised on appeal. Furthermore, because Hepler's appeal fails on the merits, we need not address the effect of the Antiterrorism and Effective Death Penaly Act of 1996