89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Nicholis D'UVA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Thomas TAGGATZ; Jack Nicholis D'Uva, Defendants-Appellants,
 No. 95-50167, 95-50169.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided June 27, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The government charged defendants Jack Nicholes D'Uva and Mark Thomas Taggatz in a 26-count indictment alleging conspiracy in violation of 18 U.S.C. § 371 (count 1); securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (counts 2 through 16); mail fraud in violation of 18 U.S.C. § 1341 (counts 17 through 20); money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (counts 21 through 23); and engaging in monetary transactions in proceeds of a crime in violation of 18 U.S.C. § 1957 (counts 24 through 26). The Securities and Exchange Commission ("SEC") had previously filed a civil action against defendants, and the district court had granted the SEC's motion for summary judgment in the civil action. Defendants moved to dismiss the criminal indictment, alleging that the criminal charges constituted double jeopardy because they had previously been punished for these offenses in the SEC civil action. The district court granted the motion to dismiss as to only seven counts of the indictment.[1]
 
 
 3
 Defendants filed this interlocutory appeal as to the denial of the motion to dismiss the remaining 19 counts of the indictment.[2] This court has jurisdiction pursuant to 28 U.S.C. § 1291. Abney v. United States, 431 U.S. 651, 662 (1977); United States v. Chick, 61 F.3d 682, 686 (9th Cir.1995), cert. denied, 116 S.Ct. 1416 (1996). We affirm because the offenses charged in the remaining counts of the indictment involve conduct and offenses for which defendants were not penalized in the SEC civil action.
 
 II.
 
 4
 We will only briefly summarize the facts here because the parties are familiar with them. The SEC civil action against D'Uva, Taggatz, Prime Acquisition Group ("Prime"), Nikko and Co., Ltd. ("Nikko"), and Alliance Global Asset Management ("Alliance") involved the business dealings of defendants and the three partnerships of Prime, Nikko, and Alliance. D'Uva and Taggatz were the sole partners of these three companies. The complaint alleged three causes of action: (1) offer and sale of unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), for the Prime scheme operated from September 1989 through January 1992; (2) failure to register as an investment adviser, in violation of Section 203(a) of the Advisers Act, 15 U.S.C. § 80b-3(a), for the Prime scheme and for the Nikko/Alliance scheme (from April 1992 to the date of filing the complaint in February 1993); and (3) violations of the antifraud provisions: Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)), Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5), and Sections 206(1) and 206(2) of the Advisers Act (15 U.S.C. § 80b-6(1) and 80b-6(2)). The complaint sought disgorgement, injunctive relief, and civil penalties under the Securities Enforcement Remedies and Penny Stock Reform Act of 1990 for conduct by the defendants occurring on or after October 15, 1990 (the date the civil penalties statutes were enacted).
 
 
 5
 The district court granted the SEC's motions for summary judgment and enjoined D'Uva, Taggatz, and Prime from committing additional frauds, acting as investment advisers, or selling unregistered securities. The court ordered D'Uva and Taggatz to pay disgorgement to be distributed to the defrauded investors. The district court found that it had "jurisdiction to impose civil penalties with respect to conduct occurring on or after October 15, 1990," and accordingly imposed third-tier civil penalties on D'Uva ($527,200), Taggatz ($365,400), and Prime ($500,000). The district court enjoined Nikko and Alliance from acting as unregistered investment advisors, but did not order disgorgement from Nikko or Alliance, nor did it impose third-tier penalties on them. Instead, the court imposed first-tier civil penalties of $5,000 each on Nikko and Alliance for failing to register as investment advisors.
 
 
 6
 In the criminal case, the district court denied the motions to dismiss the 19 counts of the indictment that encompassed crimes occurring before October 15, 1990 or after January 1992, and the court granted the motions to dismiss the other 7 counts of the indictment, which alleged acts between the dates of October 11, 1990 and January 1992 (counts 1, 9, 10, 11, 17, 18, and 25).
 
 III.
 
 7
 We review de novo the district court's denial of defendants' motions to dismiss the remaining counts of the indictment. Chick, 61 F.3d at 868; United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990).
 
 
 8
 We assume, without deciding, that the civil penalties imposed in the SEC action constitute "punishment" for purposes of double jeopardy. See United States v. Halper, 490 U.S. 435, 448 (1989) (holding that civil penalties constitute punishment if they serve retributive or deterrent purposes in addition to remedial purpose); see also Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937, 1946-48 (1994) (holding that drug tax constituted "punishment"). Even with that assumption, we agree with the district court's ruling, because the remaining counts of the indictment concern conduct and offenses for which the district court in the civil case did not impose penalties. The government therefore has not violated the Double Jeopardy Clause by seeking to punish defendants for these offenses. See United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 495 (9th Cir.1994) (holding that if civil forfeiture predicated upon some offense other than that for which defendant had already been tried, then forfeiture not barred by Double Jeopardy Clause); see also Chick, 61 F.3d at 686 ("[W]here a claimant/defendant has been subjected to a civil forfeiture that amounts to punishment and judgment has already been entered, the Fifth Amendment's Double Jeopardy Clause precludes the Government from bringing a separate criminal action for the same offense which the civil forfeiture was based upon.").
 
 
 9
 The offenses in the indictment fall into three categories: (1) offenses committed before October 15, 1990 as part of the Prime scheme; (2) offenses committed after October 15, 1990 as part of the Prime scheme; and (3) offenses committed by defendants after October 15, 1990 as part of the Nikko/Alliance scheme. The district court dismissed only the counts that fell into the second category (counts 1, 9-11, 17, 18, and 25).
 
 
 10
 Counts 2 through 8 and 12 through 16 are for securities fraud, specifically violations of 15 U.S.C. §§ 78j and 78ff, 17 C.F.R. § 240.10b-5 (Rule 10b-5), and 18 U.S.C. § 2 (aiding and abetting). While it is true that violations of 15 U.S.C. § 78j and Rule 10b-5 were alleged in the civil complaint in regard to the Prime scheme, the district court only imposed penalties for acts committed after October 15, 1990. Counts 6, 7, and 8 all allege acts that occurred before that date.
 
 
 11
 Counts 12 through 16 allege transactions regarding the Nikko/Alliance scheme that occurred between March 1992 and September 1993. In the civil complaint, there were no allegations of securities fraud made against defendants regarding the Nikko/Alliance scheme. The Nikko/Alliance scheme, which occurred from March 1992 to some unspecified time, also was not mentioned in the civil complaint with regard to the cause of action for offering and selling unregistered securities or the cause of action for antifraud violations. The Nikko/Alliance scheme was named in the civil complaint only in the second cause of action for failure to register as an investment adviser. Furthermore, the complaint alleged only acts occurring through February 1992, when the complaint was filed, although the final judgment was entered in March 1994.
 
 
 12
 In further support of our conclusion that defendants were not penalized in the civil action for activities in connection with the Nikko/Alliance scheme, we note that the district court's findings in the civil case refer to a singular "fraudulent scheme." Further, the court found that penalties were appropriate because defendants had defrauded more than 46 investors of more than $1 million. In the civil complaint, the Nikko/Alliance scheme was alleged only to have failed to register as an investment adviser.
 
 
 13
 The nature of the civil penalties also supports the finding that defendants were not "punished" for the Nikko/Alliance scheme. The civil penalty statute at issue provides for three tiers of civil penalties. First-tier penalties are the least severe and may be imposed for any violation of the relevant securities law. 15 U.S.C. §§ 77t(d)(2), 78u(d)(3)(B), 80b-9(e)(2). Second-tier penalties may be imposed for any securities violation that involves "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." Id. Third-tier penalties are the most severe and may be imposed for a violation that involves "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and if the violation creates substantial losses or significant risk of substantial losses to other persons. Id.
 
 
 14
 The district court imposed third-tier penalties on D'Uva, Taggatz, and Prime, but only first-tier penalties were imposed on Nikko and Alliance. In its unopposed motion for summary judgment, the SEC alleged that no persons ultimately invested with either Nikko or Alliance. The third-tier penalties reflect defendants' gross pecuniary gain, so the penalties could not have been for the Nikko/Alliance scheme because defendants supposedly had not profited from that scheme.
 
 
 15
 Counts 19 and 20 allege mail fraud in violation of 18 U.S.C. § 1341. Count 19 involves a transaction in July 1992, and Count 20 involves a transaction in November 1992. There were no allegations of mail fraud in violation of this statute in the civil complaint. Also, these two transactions occurred as part of the Nikko/Alliance scheme.
 
 
 16
 Counts 21 through 23 allege money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Specifically, the indictment states that these three counts involved financial transactions using the proceeds from unlawful activities, namely securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5, and mail fraud in violation of 18 U.S.C. § 1341. Count 21 allegedly took place on May 9, 1990 and involved the Prime scheme. Therefore, this transaction occurred before the operative date of October 15, 1990. Counts 22 and 23 took place in June and September, 1992, and involved the Nikko/Alliance scheme. Again, the civil complaint alleged no such violations in connection with the Nikko/Alliance scheme.
 
 
 17
 Counts 24 and 26 allege that defendants engaged in monetary transactions affecting interstate commerce in criminally derived property having a value greater than $10,000, in violation of 18 U.S.C. § 1957. Count 24 took place in September 1990, and Count 26 occurred on January 27, 1993 and involved the Nikko/Alliance scheme. The civil complaint contained no allegations of violations of 18 U.S.C. § 1957. As stated earlier, the only violations involving Nikko/Alliance in the civil complaint were for failure to register as an investment adviser.
 
 
 18
 We conclude that the surviving counts of the indictment seek to punish defendants for conduct that either preceded the date before which penalties could be imposed by statute or concerned conduct in the Nikko/Alliance scheme that was not alleged in the civil complaint. Therefore, defendants' double jeopardy arguments fail.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The district court dismissed count 17 of the indictment because it violated the five-year statute of limitations
 
 
 [2]
 During oral argument, defense counsel informed the Court that defendants have entered conditional pleas to the remaining counts of the indictment and have been sentenced