97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Alfredo CARRILLO-ESPINOZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jose Alfredo CARRILLO-ESPINOZA, Defendant-Appellee.
 Nos. 94-10596, 95-10518.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1996.
Submission Deferred June 17, 1996.
Resubmitted Aug. 28, 1996.
Decided Aug. 30, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Carrillo-Espinoza was indicted by a federal grand jury for tax evasion (Counts 1-4), money laundering (Counts 5-6), conspiracy to possess with intent to distribute marijuana (Count 7), conspiracy to import marijuana (Count 8), importation of marijuana (Counts 9, 11, 13, 15), possession with intent to distribute marijuana (Counts 10, 12, 14, and 16), and with engaging in a continuing criminal enterprise (Count 17). Both Carrillo-Espinoza and the Government have filed appeals in this case.[1] We address each appeal in turn.
 
 
 4
 In appeal No. 95-10518, Carrillo-Espinoza appeals the district court's denial of his motion to dismiss on double jeopardy grounds Counts 7-16. We affirm. Carrillo-Espinoza's argument that offenses related to the possession, importation, and conspiracy to possess and import marijuana (Counts 7-16) cannot be prosecuted simultaneously with a charge of engaging in a continuing criminal enterprise (Count 17) without running afoul of the Double Jeopardy Clause is foreclosed by our decision in United States v. Medina, 940 F.2d 1247 (9th Cir.1991).[2] Accordingly, the district court's denial of Carrillo-Espinoza's motion to dismiss Counts 7-16 is affirmed.
 
 
 5
 In appeal No. 94-10596, the United States challenges the district court's grant of Carrillo-Espinoza's motion to dismiss on double jeopardy grounds Counts 1, 5, 6, and 17. We reverse the district court's grant of Carrillo-Espinoza's motion to dismiss the counts. Our decision in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), rev'd sub nom. United States v. Ursery, 116 S.Ct. 2135 (1996), provided the basis for the district court's decision to grant Carrillo-Espinoza's motion. Because Ursery requires reversal of the district court's decision to dismiss, we reinstate Counts 1, 5, 6, and 17.
 
 
 6
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over Carrillo-Espinoza's appeal pursuant to the collateral order exception to the final judgment rule. See United States v. Chick, 61 F.3d 682, 694-96 (9th Cir.1995), cert. denied, 116 S.Ct. 1416 (1996). We have jurisdiction over the Government's appeal pursuant to 18 U.S.C. § 3731
 
 
 [2]
 The approach we approved in Medina--permitting the prosecution of both a continuing criminal enterprise charge and lesser-included offenses, but allowing a district court to sentence defendant only on the continuing criminal enterprise offense (with an alternative sentence on the lesser-included offenses effective only if the continuing criminal enterprise conviction is reversed on appeal)--was validated by the Supreme Court in Rutledge v. United States, --- U.S. ----, 116 S.Ct. 1241, 1250 (1996)