Timothy L. SASAK, Petitioner—
Appellant,

v.

Dale COPELAND, Respondent—
Appellee.

No. 01–16843.

D.C. No. CV–95–02181–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided Aug. 29, 2002.

Before SNEED, HUG, and BERZON, Circuit Judges.

MEMORANDUM**

Timothy Sasak, a former prisoner of the State of Arizona, appeals the district court's decision denying his 28 U.S.C. § 2254 petition for habeas corpus relief. Because Sasak filed his federal habeas corpus petition in 1995, the Anti–Terrorism and Effective Death Penalty Act does not apply to the merits of this case. *See Jeffries v. Wood,* 103 F.3d 827, 827 (9th Cir. 1996) (en banc). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.[1] Review-

---

* The panel finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We treat Sasak's notice of appeal as an application for a certificate of appealability ("COA") on the issue raised in his opening

ing the district court's decision de novo, we affirm. *See Calderon v. Prunty,* 59 F.3d 1005, 1008 (9th Cir.1995) (stating that a district court's decision denying a petition for habeas corpus relief is reviewed de novo). Given the parties' familiarity with the facts and procedural history of this case, we do not recount them here except as necessary to explain our decision.

The Double Jeopardy Clause of the Fifth Amendment protects against multiple criminal punishments for the same offense. *See Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Sasak claims that he was denied this protection when the State, after seizing and liquidating his property in civil forfeiture proceedings, convicted and sentenced him for offenses related to the conduct underlying the civil proceedings.[2] *See United States v. Sanchez–Cobarruvias,* 65 F.3d 781, 783 (9th Cir.1995) (observing that the Double Jeopardy Clause, in some circumstances, bars the government from bringing a criminal prosecution following a punitive civil forfeiture proceeding). We disagree with Sasak's claim.

As we noted in *Sanchez–Cobarruvias,* "there must be a degree of finality to the prior [civil] proceeding before double jeopardy may be deemed to attach." *Id.; see also United States v. Chick,* 61 F.3d 682, 686 (9th Cir.1995) (stating that "where a claimant/defendant has been subjected to a civil forfeiture that amounts to punishment and judgment has already been entered, the Fifth Amendment's Double Jeopardy Clause precludes the Government from bringing a separate criminal action for the same offense which the civil forfeiture was based upon."). In this case, there was insufficient finality to the civil forfeiture proceedings at the time that Sasak was convicted and sentenced in the criminal action. It is true that some of Sasak's assets, including his home, were seized and liquidated prior to his conviction. However, as the district court noted, none of the funds obtained from the liquidations were distributed. Up to the time of his conviction, it was possible that through the presentation of a successful defense, Sasak could recover the value of his property.[3] Given that no court order had permanently deprived Sasak of the value of his property, the civil forfeiture proceedings conducted prior to Sasak's conviction lacked the necessary "degree of finality" required by

brief. *See Cooper v. Calderon,* 255 F.3d 1104, 1107 (9th Cir.2001). Because Sasak has made "a substantial showing of the denial of a constitutional right" on the double jeopardy claim he appeals, we grant the COA. *See* 28 U.S.C. § 2253(c); *Mayfield v. Woodford,* 270 F.3d 915, 921–22 (9th Cir.2001) (en banc); *see also Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir.2002) (stating that the "substantial showing" requirement for a COA is "relatively low" and is satisfied when a petitioner can demonstrate that the issue is debatable among reasonable jurists).

**2.** Sasak mentions in his brief that prior to his conviction, he was also "forced to abandon his mortgage broker[']s license." However, he does not mention who filed the petition for abandonment, the basis for the petition, the

statute under which it was filed, whether the petition was opposed (the docket indicates it was not), or any other information that shows how the abandonment is relevant to his double jeopardy claim. Given Sasak's failure to develop this portion of his argument, we decline to consider the impact of the license abandonment on Sasak's double jeopardy claim. *See Jones v. Wood,* 207 F.3d 557, 562 n. 2 (9th Cir.2000) (noting that issues not specifically and distinctly raised in the opening brief are deemed waived).

**3.** Sasak claims that "[u]nder no scenario did [he] have an opportunity to reclaim his assets before the acceptance of his plea." Given the absence of any facts or authority to support this claim, we reject it.

*Sanchez–Cobarruvias.*[4] *See Sanchez–Co-barruvias,* 65 F.3d at 784 (holding that a prior civil forfeiture proceeding was insufficiently final because no decision had conclusively transferred the seized property to the government).

Because there was no "degree of finality" to the prior civil forfeiture proceedings in this case, Sasak's conviction and sentence did not constitute a second jeopardy or punishment. Accordingly, we affirm the district court's denial of Sasak's habeas corpus petition.

AFFIRMED.

---

4. We note that a holding of no finality in this case makes sense as a matter of policy. In this case it appears that the liquidations preserved the value of some of the assets in what was, at the time, a declining real estate market. Were we to hold that liquidation produces the requisite degree of finality in civil forfeiture proceedings, in the future the State might not take such steps to prevent waste for fear of jeopardizing criminal proceedings that it plans to pursue.

